**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21598-GAYLES**

**TIFFANY (NJ) LLC,**

      **Plaintiff,**

**v.**

**DESIGNERBAGSDIRECT.COM a/k/a**
**DESIGNERBAGS-DIRECT.COM a/k/a**
**DESIGNERBAGSDIRECT.SHOP, AN**
**INDIVIDUAL, BUSINESS ENTITY, OR**
**UNINCORPORATED ASSOCIATION,**

      **Defendant.**

_____/

### ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised.

In the Motion, Plaintiff requests an order authorizing alternative service of process on Defendant via electronic mail ("e-mail") and website posting. Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendant, who Plaintiff believes resides in or operates from China and has established Internet-based businesses and utilizes electronic means as reliable forms of contact. *See* [ECF No. 6–1].

Federal Rule of Civil Procedure Rule 4(h) outlines the proper means of service upon foreign corporations, including "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under

(f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). An alternative method of service under Rule 4(f)(3) is available without first attempting service by other means. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-cv-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

The Court finds that alternative service of process under Rule 4(f)(3) is warranted, and the means of service proposed by Plaintiff are acceptable. Although the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not specifically preclude service by e-mail and website posting. The Court notes that China has declared that it opposes to the alternative means of service outlined in Article 10 of the Hague Convention. *See* [ECF No. 6–1]. But the objection is specifically limited to the means of service enumerated in Article 10, and China has not expressly objected to service via e-mail or website posting. *Id*. Where a signatory nation to the Hague Convention has objected to an alternative means of service, that objection is limited to those specific means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sep. 14, 2015) (noting that an objection to one means of service under the Hague Convention "does not equate to an express objection" to other means of service). "A court acting under Rule 4(f)(3) therefore remains free to order

2

alternative means of service where [the] signatory nation" at issue "has not expressly objected to those means." *Karsten Mfg. Corp. v. Janit Store,* No. 18- 61624-CIV, 2018 U.S. Dist. LEXIS 225682, at* 3–4 (S.D. Fla. July 26, 2018). Accordingly, the requested service methods are not prohibited by international agreement.

Additionally, due process is not offended by the proposed methods of service. Defendant uses at least one known and valid form of electronic contact, and Plaintiff has created a website solely to provide notice of this action to Defendant, the address to which will be provided to Defendant's known e-mail accounts and onsite contact forms. Therefore, service via e-mail and website posting is "reasonably calculated, under all circumstances, to apprise . . . [Defendant] of the pendency of the action and afford [it] an opportunity to present their objections." *Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Thus, the Court will exercise its discretion to allow service on Defendant through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 6], is **GRANTED**. Plaintiff shall serve the Summonses, Complaint, and all filings in this matter upon Defendant by:

a. providing the address to Plaintiff's designated serving notice website to Defendant via the e-mail addresses provided by Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses, and/or private messaging accounts, or via the registrar of record e-mail address or domain contact form for the e-commerce stores, *see* [ECF No. 6 at 4], which lists Defendant's E-commerce Store Names and associated means of contact; and

b.      posting a copy of the Summonses, Complaint, and all filings in this matter in this matter on Plaintiff's designated serving notice website appearing at the URL http://servingnotice.com/T3oAb5/index.html.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of March 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE